UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80099-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

MARION YARBROUGH,

    Defendant.
_____/

## MOTION TO SUPPRESS STATEMENTS AND EVIDENCE

Defendant, Marion Yarbrough, by and through his undersigned counsel, requests this Court suppress as evidence in the above-styled cause Mr. Yarbrough's cell phone, the contents of the cell phone, and any evidence derived therefrom.  Additionally, Mr. Yarbrough requests this Court suppress statements made by him after his first invocation of his right to counsel during a custodial interrogation which took place on May 10, 2007.  Pretrial motions were to be filed in this case on or before December 14, 2007.  This motion is one day late as a result of a complication at the Palm Beach County Jail, preventing counsel from seeing Mr. Yarbrough on the day of the motions deadline.  Mr. Yarbrough therefore requests this Court allow and consider Mr. Yarbrough's motion one day out of time.  As grounds for the motion, Defendant states:

    1. Defendant is charged with knowingly enticing a minor to engage in sexual activity via the internet, transporting a minor in interstate commerce with the intent to engage in sexual activity, and knowingly persuading a minor to travel in interstate commerce to engage in sexual activity.

    2. A portion of the Defendant's post-arrest statements were obtained in violation of the Sixth Amendment right to counsel.

3. Law enforcement did not have a search warrant allowing them to seize Mr. Yarbrough's cell phone, nor do any of the exceptions to the warrant requirement apply.

## FACTS

On May 10, 2007, Defendant was arrested for the instant case. He was immediately transported to the local police department, where he was interrogated by Greg Dukes of the Kentucky State Police and Ed Cundiff of the FBI. Mr. Yarbrough initially executed a waiver of his Miranda rights; however, about two-thirds of the way through Mr. Yarbrough's interrogation, in response to a question that directly pertains to the instant case, Mr. Yarbrough attempted to end the interrogation by stating, "that's the type of question that I would like to talk to an attorney about." Without ay further discussion of Mr. Yarbrough's Sixth Amendment right to counsel, law enforcement proceeded with the interrogation. The interrogation ended about 15 minutes later, when Mr. Yarbrough again stated, "I want to see my lawyer first." Immediately after this statement, the two interrogators concluded the interview because Mr. Yarbrough "said lawyer." Specifically, one interrogator stated, "When you say you want a lawyer, we don't have any more options . . . we're done." The interrogators further informed Mr. Yarbough that if he wanted to continue the interrogation, Mr. Yarbrough would have to approach them. Between Mr. Yarbrough's two invocations of his Sixth Amendment right to counsel, Mr. Yarbrough made incriminating statements.

Also, the government plans on introducing Mr. Yarbrough's cell phone as well as the contents of the cell phone at any potential trial. The cell phone was not acquired via a search warrant. The cell phone was not on Mr. Yarbrough's person at the time of his arrest, but was in a closed container inside the home of Melinda Hardin at 834 Lynwood Way, Apt. B, Bowling Green, KY. No exceptions to the Fourth Amendment search warrant requirement apply and Mr. Yarbrough

did not consent to a seizure of his phone. Likewise, Ms. Hardin did not have authority to consent to the seizure of Mr. Yarbrough's phone.

## MEMORANDUM OF LAW

During the May 10, 2007 interview, Mr. Yarbrough invoked his Fifth Amendment right to counsel. Once a suspect invokes his Miranda right to counsel, further questioning must cease. *Minnick v. Mississippi,* 498 U.S. 146 (1990). Thus, any statements made by Mr. Yarbrough after his first invocation of his Fifth Amendment right to counsel must be suppressed.

The Fourth Amendment's prohibition of unreasonable searches and seizures requires that the government obtain a search warrant, unless some exception to the warrant requirement applies. In this case, no such exception, including search incident to arrest and consent, applies. Thus, the seizure of Mr. Yarbrough's cell phone violates the Fourth Amendment. Mr. Yarbrough thereby requests that this Court suppress as evidence Mr. Yarbrough's cell phone, the contents of the cell phone, and any other evidence derived therefrom.

WHEREFORE Defendant requests this Court to grant the above-styled motion.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER


s/ Jonathan Pignoli
Jonathan Pignoli
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 22851
450 Australian Ave. N., Suite 500
West Palm Beach, FL 33401
TEL:(561) 833-6288
FAX:(561) 833-0368
*Jonathan_Pignoli@FD.org*

## CERTIFICATE OF SERVICE

I HEREBY certify that on **December 17, 2007**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Jonathan Pignoli
Jonathan Pignoli

## SERVICE LIST

## UNITED STATES OF AMERICA V. MARION YARBROUGH

### Case No. 07-80099-CR-MARRA

A. Marie Villafana
Assistant United States Attorney
*Ann.Marie.C. Villafana@usdoj.gov*
500 S. Australian Avenue
Suite 400
West Palm Beach, Florida 33401
(561) 209-1047 - Telephone
Attorney for United States of America