UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-80099-CR-MARRA/HOPKINS

UNITED STATES OF AMERICA
    Plaintiff,

v.

MARION YARBROUGH
    Defendant.
_____/

## DEFENDANT'S OBJECTIONS AND REQUESTED AMENDMENTS TO THE PRESENTENCE INVESTIGATION REPORT

Defendant, MARION YARBROUGH, by and through his undersigned attorney hereby files these Objections and Requested Amendment to the Presentence Investigation Report.

1.    The Defendant objects to those sections of paragraphs 15-16, 19, 22 and 23 insofar as they both impliedly and at times directly appear to indicate that the victim sustained "serious bodily injuries" as a result of her sexual intercourse with the Defendant (or to establish that she was forced to engage in sexual intercourse). The Defendant vehemently objects to Probation's statement contained in paragraph 19, which provides that "[a] subsequent gynecological exam of the victim was consistent with forced and repeated sexual activity." The Medical Record is not only devoid of such conclusion, but contradicts it. In particular, the Record states that an "[a]nal/rectal exam was performed using the colposcope and no evidence of tears or lacerations were noted." There is no evidence in the Medical Record that conclusively establishes that the intercourse between the Defendant and victim resulted in anything but "normal" tearing associated with sexual conduct between two willing participants.

2.	The Defendant objects to paragraph 32 of the PSR which provides for a two level increase pursuant to section 2A3.1(b)(4). This section provides for such increase if "the victim sustained serious bodily injury." Application Note 1 of section 2A3.1(b)(4)) defines the term "serious bodily injury" as "...conduct other than criminal sexual abuse, which already is taken into account in the base offense level under subsection (a)." Thus, for argument sake, even if the Defendant accepts the allegations set forth in paragraphs 15-16, 19, 22 and 23, any such "serious bodily injury" was incurred during the course of the sexual contact between the parties (which has already been accounted for in the guidelines).

The term "serious bodily injury" is further defined in section 1B1.1, Application Note 1(L) as an "...injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. In addition, "serious bodily injury" is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. Section 2241 or Section 2242 or any similar offense under state law."

In response, the defense asserts that Application Note 1(L) of section 1B1.1 is not the primary section for which the Defendant's guidelines are set forth (*see* section 2A3.1). Further, Note 1(L) is entirely contradictory to Note 1 of the controlling section (2A3.1). This inconsistency must be resolved in favor of the defense as predicated by the rule of lenity. In particular, where two statutes, or in this case, two Application Notes contradict one another (thus creating ambiguity), such contradiction should be resolved in favor of the Defendant.

3	The Defendant objects to paragraph 30 of the PSR which provides for a four (4) level increase pursuant to section 2A3.1(b)(1). Application Note 2(A) states that

> conduct described in 18 U.S.C. Section 2241(a) or (b) is engaging in, or causing another person to engage in, a sexual act with another person by: (A) using force against the victim; (B) threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping; (C) rendering the victim unconscious; or (D) administering by force or threat of force, or without the knowledge or permission of the victim, a drug, intoxicant, or other similar substance and thereby substantially impairing the ability of the victim to appraise or control conduct. This provision would apply, for example, if any dangerous weapon was used or brandished, or in a case in which the ability of the victim to appraise or control conduct was substantially impaired by drugs or alcohol.

First, it is unclear to the defense which basis(es) the Government is seeking this enhancement. In recent discussions with both the Government and Probation, it *appears* that the enhancement is being sought on either subsection (A) and/or (B) as stated in the Application Note, *supra*. Regardless, the defense objects to such enhancement and contends that, although the Defendant fully accepts his responsibility for engaging in sexual activity with the victim, it was consensual and did not result in "serious bodily injury."

4. In light of the objections stated herein, the Defendant objects to paragraph 37 of the PSR which indicates that the adjusted offense level (subtotal) is 40.

5. The Defendant objects to paragraph 38 (and further incorporates paragraphs 51, 53, 54 and 56) of the PSR which provide that the Defendant is a career criminal offender pursuant to section 4B1.1(a). Probation has provided undersigned with various documents regarding the Defendant's criminal history and is currently in the process of providing additional documents as requested by undersigned. At this time (and in light of the information available to undersigned), the defense contends that the underlying predicate offenses are not, as a matter of law, sufficient to satisfy the requirements of section 4B1.1(a) (as they are not properly characterized as violent felonies). Further, the Defendant contests the two points attributed to the prior offense set forth

in paragraph 51 and the one point attributed to the prior offense set forth in paragraph 53 (as the paperwork undersigned has reviewed does not appear consistent with the sentences relied upon by probation in calculating the criminal history points).

6.	In light of the objections set forth herein, the Defendant objects to paragraph 41 of the PSR which provides for a total offense level of 37.

7.	The Defendant objects to paragraph 113 (along with associated paragraph 63) of the PSR which implies that the Court ought to consider an upward departure pursuant to section 4A1.3.  The defense contends that the parties considered *all* relevant conduct, including but not limited to the pending offense in Kentucky, prior to entering into a negotiated plea.  While the Court is not bound by the parties agreement, it is imperative that the Court not only consider their intentions, but should also consider the fact that the Defendant is facing a *significant* prison sentence in the instant case (and his sentence ought not be increased for a crime which he stands innocent at this time).

8.	In light of the objections set forth herein, the Defendant objects to paragraph 104 of the PSR which provides for a total offense level of 37 and a criminal history category of VI (resulting in an advisory guideline imprisonment range of 360 months to life).

>	**RICHARD G. LUBIN, P.A.**
>	Second Floor, Flagler Plaza
>	1217 South Flagler Drive
>	West Palm Beach, FL  33401-6706
>	Telephone:  561/655-2040
>	Facsimile:   561/655-2182
>	Attorneys for Defendant
>
>	By:___/s/ Michael Metz_____
>	**MICHAEL METZ**
>	Fla. Bar No. 0124265

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 27, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing

          By:   /s/ Michael Metz
                **MICHAEL METZ**