UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-80413-MARRA/WHITE
07-80099-CR-MARRA

MARION YARBROUGH,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

UNITED STATES OF AMERICA

    v.

MARION YARBROUGH,

    Defendant.
_____/

## RESPONSE TO "MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE 18 U.S.C. § 3582"

COMES NOW Respondent United States of America, by and through the undersigned Assistant United States Attorney, and files its Response to Movant Marion Yarbrough's "Motion to Vacate, Set Aside, or Correct Sentence 18 U.S.C. § 3582" (CV-DE1;[1] CR-DE117). As explained below, it appears from the pleading that Movant Yarbrough is seeking relief only

---

[1] "CV-DE" refers to docket entries in the civil case, *Marion Yarbrough v. United States*, S.D. Fla. Case No. 17-80413-CV-Marra/White. "CR-DE" refers to docket entries in the underlying criminal matter, *United States v. Marion Yarbrough*, S.D. Fla. Case No. 07-80099-Cr-Marra.

pursuant to 18 U.S.C. § 3582 and, for the reasons set forth below, he is not entitled to any relief. The Clerk's Office opened a new matter, assuming that Movant Yarbrough was seeking relief pursuant to 28 U.S.C. § 2255. Even if the Court were to construe his motion as one filed pursuant to § 2255, the motion must be dismissed for lack of jurisdiction because Yarbrough failed to obtain permission from the Eleventh Circuit Court of Appeals before filing his motion.

In support thereof, the government states:

1. On June 24, 2016, Movant Marion Yarbrough filed a motion pursuant to 28 U.S.C. § 2255, seeking relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) in S.D. Fla. Court File No. 16-81099-Civ-Marra/White. On July 22, 2016, Magistrate Judge Patrick A. White determined that Yarbrough had previously filed a motion pursuant to § 2255 and had not obtained permission from the Eleventh Circuit to file a second or successive § 2255 motion (Court File No. 16-81099-CV, DE5). Accordingly, Magistrate Judge White issued a Report & Recommendation ("R&R") recommending that the matter be directly transferred to the Eleventh Circuit for that Court to determine whether Yarbrough was entitled to file a second or successive motion (*id.*). On August 9, 2016, District Judge Kenneth A. Marra adopted Magistrate Judge White's R&R; ordered the Clerk of Court to electronically transfer the motion to the Eleventh Circuit; stayed the matter; and administratively closed the case (Court File No. 16-81099-CV, DE6). District Judge Marra further ordered Movant Yarbrough to "**FILE** a notice with the Court within **30 days** of receipt of the Eleventh Circuit's decision on his request to file a successive § 2255 motion" (*id.* (emphasis in original)). On September 12, 2016, the Eleventh Circuit issued an order denying Yarbrough's application for leave to file a second or successive motion. Yarbrough did not appeal or seek rehearing of the Eleventh Circuit's decision, and on

December 22, 2016, District Judge Marra dismissed Yarbrough's § 2255 motion for lack of jurisdiction (CR-DE116).  Yarbrough also did not seek appeal Judge Marra's order of dismissal.

2. On March 30, 2017, Yarbrough filed a pleading in the district court that is captioned "Motion to Vacate, Set Aside, or Correct Sentence 18 U.S.C. § 3582" (CV-DE1).  The Clerk's Office deemed it a motion filed pursuant to 28 U.S.C. § 2255 and assigned a new civil case number.  The motion is unsigned, unverified, and undated, although the attached envelope is dated March 27, 2017 (*see* CV-DE1).

3. From the caption and the text of the motion, which references an amendment to the Sentencing Guidelines, it appears that Yarbrough intended to file a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c).  By this Response, the United States responds to both scenarios.

4. If one construes Yarbrough's motion as one filed pursuant to 28 U.S.C. § 2255, it must be dismissed for lack of jurisdiction.  As noted above, both the District Court and the Eleventh Circuit have determined that Yarbrough has previously filed a § 2255 motion, which was decided on the merits.  Thus, this motion would be considered a "second or successive" § 2255 motion.

5. Before a federal prisoner can file a second or successive § 2255 motion, he must obtain an order from the court of appeals authorizing the district court to consider the motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996).  Without the Eleventh Circuit's order of authorization, the district court is without jurisdiction to consider the § 2255 motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  If the prisoner's motion fails to meet the jurisdictional requirements of §§ 2244(b) and 2255, the district court should dismiss the motion.  *See* 28 U.S.C. §§ 2244(b)(1)-(2), (4), 2255(h); *Williams v. Chatman*, 510 F.3d at 1290, 1295 (11th Cir. 2007) (vacating the district

court's judgment denying the defendant's Rule 60(b) motion, and remanding the case back to the district court with instructions to dismiss the motion for lack of jurisdiction).

6. Yarbrough has not filed an application for permission to file a successive § 2255 motion, so this motion must be dismissed for lack of jurisdiction.

7. If one construes this as a motion filed pursuant to 18 U.S.C. § 3582(c), it also must be denied. Yarbrough asks the Court to apply retroactively the amendment to U.S.S.G. § 4B1.2(A)(2), which defines "crime of violence" for purposes of the career offender guideline.

8. Title 18, United States Code, Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

9. In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[2] The version of Section

---

[2]Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

As the Eleventh Circuit has explained, it is a "bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (citing *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)). Section 1B1.10(c) has been renumbered to 1B1.10(d).

1B1.10(a) applicable in this case was made effective on November 1, 2014, and provides, in relevant part:

> <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2)   <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A) **none of the amendments listed in subsection (d) is applicable to the defendant;** or
>>
>> (B) **an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.**

10. In *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*, 560 U.S. at 821.

11. The amendment in question in this matter is Amendment 798, which deleted the "residual clause" from Guideline Section 4B1.2(a), which defined "crime of violence" for purposes of the career offender guideline. The Sentencing Commission did *not* include Amendment 798 to Section 1B1.10(d) as a retroactive amendment.

12. The Eleventh Circuit has addressed the retroactivity of Amendment 798, and has determined that it is a substantive amendment that the Sentencing Commission did *not* make retroactive. *See United States v. Neely*, 2017 WL 1208409, at *2 (11th Cir. Apr. 3, 2017) (noting

that Commission "did not include the amendment in the list of retroactive amendments. These are hallmarks of a substantive amendment, not a clarifying one." (citing U.S.S.G. § 1B1.10(d) (2016); *id.* App. C., amend. 798 (Aug. 1, 2016)).

13. Since Amendment 798 has not been made retroactive, it cannot be applied to Yarbrough via 18 U.S.C. § 3582(c)(2), and his motion must be denied.

14. The Movant is incarcerated and is not represented by counsel, so the United States has been unable to determine his position on this motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the § 2255 case for lack of jurisdiction and deny the § 3582(c)(2) motion on the merits.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *s/A. Marie Villafaña*
A. Marie Villafaña
Assistant United States Attorney
Florida Bar No. 0018255
500 South Australian Avenue
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Fax: (561) 820-8777
ann.marie.c.villafana@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading with attachments was filed via the Court's electronic filing system and served via United States Mail on April 12, 2017.

*s/A. Marie Villafaña*
Assistant United States Attorney